1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE SUNRIDER CORPORATION, dba
SUNRIDER INTERNATIONAL, a Utah
corporation, SUNRIDER TAIWAN,
INC., a Delaware corporation,
SUNRIDER MANUFACTURING, L.P.,
a California limited partnership,

Plaintiffs,

vs.

BOUNTIFUL BIOTECH CORP., a
California corporation, BOUNTIFUL
NATURAL HEALING, INC., a
California corporation, KING SHOP
INTERNATIONAL, INC., a California
corporation, STEVE S. LEE, an
individual, SHUN SHENG CHEN aka
SAM CHEN, an individual,
BOUNTIFUL HEALTHCARE
TECHNOLOGY CORP., business form
unknown, and DOES 1 Through 10,
inclusive,

Defendants.

AND RELATED COUNTERCLAIMS.

CASE NO.: SACV 08-1339 DOC
(AJWx)

**PROTECTIVE ORDER
PURSUANT TO STIPULATION**

Complaint filed: November 24, 2008

36621

## **PROTECTIVE ORDER GOVERNING**

## **THE PRODUCTION OF INFORMATION AND DOCUMENTS**

The Court, having read and considered the Stipulation re Proposed Protective Order, and finding good cause therefore, hereby orders as follows:

1.     The term "this litigation" as used in this Order shall refer to the above-captioned matter, Case No. SACV08-1339 DOC AJWx, *The Sunrider Corporation dba Sunrider International v. Bountiful Biotech Corp., et al.* in the United States District Court, Central District of California.

2.     This Order shall apply to all documents produced by any party to this litigation, or any third party pursuant to a subpoena, which documents are designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" as permitted below:

(a) The following material may be designated "CONFIDENTIAL" pursuant to this Order:  Any document or other information the producing party in good faith believes contains confidential proprietary information, trade secret information, confidential financial or business information and other information protected by the right to privacy, information which a party has the right, by contract or otherwise, to object to or resist disclosure, or other confidential material that the designating party would not normally reveal to third parties.

(b) The following material may be designated "CONFIDENTIAL: ATTORNEYS' EYES ONLY" pursuant to this Order:  Any document or other information a party reasonably believes contains trade secrets, or otherwise are highly confidential and proprietary, containing information that the designating party believes in good faith would be harmful to his or its current or future business interests if revealed to another party.

36621

(c) Documents or information produced in electronic format that cannot be physically labeled "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by traditional methods, such as a stamp or sticker, shall also be produced in paper form to the extent reasonably practicable bearing a "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" designation as appropriate.  The designation of a document produced in paper form shall apply equally to the same document produced in electronic form.  The disc or other medium containing confidential electronic files shall also be physically labeled "CONFIDENTIAL" or "CONFIDENTIAL:  ATTORNEYS' EYES ONLY" as appropriate.  The parties shall use the paper form of documents produced in this litigation, in lieu of print-outs of the produced electronic documents, for all litigation purposes, including without limitation depositions, trial exhibits, motions and other submissions, unless there is a specific need to refer to the electronic version of the document.

(d) Documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" are expressly subject to the Court's ruling upon such documents' confidentiality in the event any party seeks to challenge such a designation.  The Court has the exclusive right to review and rule upon the confidentiality of the documents, testimony, or material designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" pursuant to this Order.  Nothing in this paragraph is intended to or shall abrogate any party's right to appellate review of any order ruling on the confidentiality of any documents.

3.      No person shall show, copy or convey the substance of any information subject to this Protective Order to anyone, except as hereinafter set forth in this Order, and all such persons are further ordered and enjoined from disclosing any information designated "CONFIDENTIAL" or "CONFIDENTIAL:

36621

ATTORNEYS' EYES ONLY" to any other persons.  All information designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" in this litigation shall be used solely for purposes of preparing for and conducting this litigation and shall not be used, directly or indirectly, for any other purpose whatsoever.

4.    Documents and information designated "CONFIDENTIAL" shall only be disclosed to the following qualified persons who may be provided with copies of this material upon being informed of this Order and placed on notice that they are bound by this Order:

(a)    The Court and any Court staff and administrative personnel;

(b)    Counsel for any party that has appeared in this litigation and agreed to honor the terms of this Order, including support staff of counsel;

(c)    Any party that has appeared in this litigation and agreed to honor the terms of this Order, and its officers, directors, employees, former employees, trustees, partners, in-house legal personnel or legal counsel;

(d)    Counsel for any insurer or indemnitor of any defendant or counter-defendant including support staff of counsel;

(e)    Any witness who may be shown copies of "CONFIDENTIAL" material as part of a deposition but who shall not be provided with copies separate from the exhibits to that deposition;

(f)    Any court reporter who is entrusted with exhibits to a deposition as part of his or her task in reporting the deposition;

(g)    Bona fide experts or consultants retained by counsel to assist in the preparation of this litigation or to testify at trial or at any other proceeding of this litigation;

(h)    Any person identified as having authored or previously received such material; and

36621

(i)     The agreed upon mediator, referee, magistrate or other mutually agreed upon neutral settlement professional, and his or her staff.

5.     Except by agreement between the parties or further order of the Court, information designated "CONFIDENTIAL: ATTORNEYS' EYES ONLY" pursuant to this Order shall not be disclosed to any other person other than the following qualified persons who may be provided with copies of this material upon being informed of this Order and being placed on notice that they are bound by this Order:

(a)     The Court and any Court staff and administrative personnel;

(b)     The attorneys of record for any party that has appeared in this litigation and agreed to honor the terms of this Order and their paralegals, secretaries, and other employees, who shall not share such information with any other officer or employee of such party, other than those persons identified in this Paragraph 5;

(c)     One designated in-house attorney employed by any entity that is a party that has appeared in this litigation and agreed to honor the terms of this Order, who also will be an attorney of record for that party, and who shall not share such information with any other officer or employee of such party, other than those persons identified in this Paragraph 5.

(d)     Counsel for any insurer or indemnitor of any defendant or counter-defendant, including support staff of counsel;

(e)     Any witness who may be shown copies of material designated "CONFIDENTIAL: ATTORNEYS' EYES ONLY" as part of a deposition but who shall not be provided with copies separate from the exhibits to that deposition;

(f)     Any court reporter who is entrusted with exhibits to a deposition as part of his or her task in reporting the deposition;

36621

1    (g)    Bona fide experts or consultants retained by counsel to assist in

2    the preparation of this litigation or to testify at trial or at any other proceeding

3    of this litigation;

4    (h)    Any person identified as having authored or previously received

5    such material; and

6    (i)    The agreed upon mediator, referee, magistrate or other mutually

7    agreed upon neutral settlement professional, and his or her staff.

8    6.    No copies, summaries, or abstracts of information designated

9    "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall

10   be made by the parties for distribution to or for use by persons other than the

11   qualified persons identified in Paragraphs 4 and 5 (the "Qualified Persons").

12   7.    In preparation of this litigation, counsel for any party may retain copy

13   services and exhibit enlargement services to copy and/or enlarge material

14   designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES

15   ONLY" and may provide them with such material for copying or enlargement.

16   8.    All documents containing information subject to this Order, and notes

17   or other records regarding the contents thereof, shall be maintained in the custody

18   of counsel receiving such information, or other Qualified Persons, and no partial or

19   complete copies thereof shall be retained by anyone else at any location other than

20   the offices of counsel or other Qualified Persons, unless otherwise authorized by an

21   Order of this Court.

22   9.    If any party objects to the designation of a document as

23   "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY",

24   counsel for such party shall advise counsel for all other parties, and the parties shall

25   promptly meet and confer and attempt to resolve the objection.  If no formal

26   resolution can be reached regarding the objection, any party may file a motion with

27   the Court seeking an order compelling the designating party to remove or modify

28   the designation of documents and/or information.  Pending a ruling on any such

36621

1   motion, the subject material shall be treated pursuant to its designation, as

2   "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY".  The

3   prevailing party on any such motion relating to the removal or modification of

4   designations pursuant to this Order shall be entitled to recover his or its reasonable

5   attorneys' fees incurred in connection with the motion.

6          10.    In the event that any party wishes to submit to the Court for use in any

7   pretrial proceeding, including but not limited to motions or other written

8   submissions, any documents designated "CONFIDENTIAL" or

9   "CONFIDENTIAL: ATTORNEYS' EYES ONLY" or any summary of the

10  contents thereof, such party shall submit it to the Court under seal, pursuant to

11  General Order No. 08-02 (In the Matter of:  Order Authorizing Electronic Filing),

12  Section V.D. (entitled, "Under Seal Documents"), and the Court shall thereafter

13  treat the documents as to filing and access according to its discretion.  Nothing in

14  this Order shall affect the parties' obligations pursuant to Section IV.E. of General

15  Order No. 08-02.

16         11.    The trial exhibit list shall have a designation for all proposed exhibits

17  which are designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS'

18  EYES ONLY", in order to alert the Court and all parties as to the fact that such

19  documents are confidential.  The parties may seek orders, as necessary, to

20  appropriately maintain the confidentiality of such exhibits submitted to the Court at

21  trial.

22         12.    This Order shall not preclude counsel for any party from using in the

23  course of depositions any such documents or information, which has been

24  designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES

25  ONLY" under the terms hereof.  However, all persons not authorized pursuant to

26  this Order to receive material designated "CONFIDENTIAL" or

27  "CONFIDENTIAL: ATTORNEYS' EYES ONLY" (except only the witness, the

28  witness' counsel, interpreters and the court reporter) shall be excluded from that

36621

1   portion of the deposition during which the confidential document or information is

2   used.

3        13.    All copies of such deposition transcripts and exhibits thereto, to the

4   extent that they contain or pertain to confidential documents, information,

5   summaries or exhibits shall be treated in the same manner as the designated

6   documents referenced at the deposition, "CONFIDENTIAL" or

7   "CONFIDENTIAL: ATTORNEYS' EYES ONLY", as the case may be, pursuant

8   to the terms of this Order.

9        14.    The provisions of this Order, insofar as they restrict the

10   communication and use of material designated "CONFIDENTIAL" or

11   "CONFIDENTIAL: ATTORNEYS' EYES ONLY" produced hereunder or

12   information obtained from material designated "CONFIDENTIAL" or

13   "CONFIDENTIAL: ATTORNEYS' EYES ONLY", shall continue to be binding

14   after the conclusion of this litigation unless permission is given pursuant to further

15   Order of this Court.

16        15.    Within forty-five (45) days of the conclusion of the trial and all

17   appeals or right to further appeal, or upon other termination of this litigation, all

18   material designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS'

19   EYES ONLY", including all copies of such documents or information shall be

20   destroyed.  The provisions of this Order, insofar as they restrict the communication

21   and use of materials designated "CONFIDENTIAL" or "CONFIDENTIAL:

22   ATTORNEYS' EYES ONLY" produced hereunder, shall continue to be binding

23   after the conclusion of this litigation unless permission is given pursuant to further

24   Order of this Court.

25        16.    To the extent documents are obtained from third parties through the

26   discovery process, the parties agree that those documents may be designated

27   "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by the

28

36621

1   parties, as appropriate, and that those documents shall be subject to the same terms

2   and conditions of this Order.

3       17.    The terms and provisions of this Order are subject to modification,

4   extension, or termination as hereafter may be ordered.  This Court retains

5   jurisdiction to rule upon motions for modification, extension or termination of this

6   Order at any time.

7

8         IT IS SO ORDERED.

9

    Dated: <u>July 16, 2009</u>          <u>         /S/           </u>

10                        ANDREW J. WISTRICH
              UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

36621